UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-00903-LJO-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Charles B. Jones is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on June 25, 2018, is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Summary of Plaintiff's Allegations

Plaintiff is currently housed at California Medical Facility. Plaintiff alleges that the events at issue took place in Kern County. Plaintiff names the following defendants: (1) Kern County, in its official and individual capacities; (2) Richard Frank, Kern County Grand Jury Foreman for the 2015-2016 session, in his individual and official capacities; and (3) Correctional Officer D. Garrison, in his individual capacity.

Plaintiff alleges as follows: On December 13, 2013, Plaintiff filed an administrative 602 appeal/grievance, Log No. KVSP-0-13-03574, against a correctional officer. Plaintiff was given a Rules Violation Report, Log No. FB-14-01-010, in retaliation for filing the 602 appeal. The Rules Violation Report charged Plaintiff with an actual felony, a violation of Penal Code § 134. Plaintiff filed an administrative 602 appeal, Log No. KVSP-0-14-00871, challenging the imposition of the Rules Violation Report as retaliation for engaging in protected activity in violation of the First Amendment. Seventeen months later, the Third Level of Review reluctantly dismissed the retaliatory Rules Violation Report in the interest of justice.

Since Plaintiff is a jailhouse lawyer, Plaintiff understood that the correctional officer(s) violated California Penal Code § 118.1 by writing and filing the retaliatory Rules Violation Report and that Section 118.1 has a three-year statute of limitations. Therefore, Plaintiff started filing external

2

complaints due to the internal code of silence displayed among California correctional officers and the California Department of Justice policy that, if a person has a complaint against an employee of a law enforcement agency, the local governments will primarily be responsible for dealing with those citizen complaints and that the appropriate local resources, including the grand jury, will be utilized for resolution of citizen complaints.

On February 26, 2014, Plaintiff filed a complaint with the office of the California Department of Corrections and Rehabilitations ("CDCR") Ombudsman. On March 16, 2014, Plaintiff filed a complaint with the office of CDCR Internal Affairs. On March 28, 2014, Plaintiff filed a complaint with the office of the Inspector General. All of the agencies refused to investigate Plaintiff's allegations.

Plaintiff could not file a California Penal Code § 832.5 citizen complaint with the local sheriff/police station against the correctional officer, and therefore, Plaintiff filed a grand jury complaint on September 15, 2015, seeking criminal indictments against the correctional officer for violating California state law. The grand jury complaint alleged that the correctional officer who wrote and filed the retaliatory Rules Violation Report violated California Penal Code § 118.1. Further, Plaintiff requested that the grand jury investigate the material evidence that Plaintiff had presented, verify Plaintiff's allegations, and turn Plaintiff's grand jury complaint into and/or over to the District Attorney's office for a criminal indictment.

On September 24, 2015, Kern County Grand Jury Foreperson Weslie Brown sent a letter to Plaintiff acknowledging receipt of Plaintiff's grand jury complaint and its attachments and stating that the 2015-2016 Kern County Grand Jury has reviewed the documents and referred them to committee.

On May 23, 2016, during a 10 to 12-minute interview with Correctional Counselor II C. Crammer regarding a 602 appeal on an unrelated issue, CCII Crammer saw that Plaintiff had some legal papers with him that he was going to try and copy at the law library, including the original grand jury complaint form. CCII Crammer looked at the grand jury complaint and told Plaintiff that things like this can be dangerous and back fire and a lot of bad things can happen to you if you were trying to pursue this type of course.

On May 24, 2016, Plaintiff submitted a petition for writ of habeas corpus to the Kern County Superior Court. In his petition, Plaintiff sought injunctive relief due to the implied threats to his safety

3

for engaging in First Amendment activity by filing complaints. Plaintiff also requested that the grand jury complaint by turned over to the local District Attorney's office for investigation.

On May 26, 2016, Plaintiff received a response regarding his grand jury complaint from Kern County Grand Jury Foreman Richard Frank. The response, dated May 18, 2016, stated that Mr. Frank and CDCR officials had already come to an agreement to drop the grand jury complaint and allow an internal investigation to be conducted regarding whether the correctional officer(s) should be indicted and prosecuted for felony violations of California law, by the exact same CDCR administrative officials who had refused to investigate Plaintiff's allegations two years prior.

On August 4, 2016, during a so-called authorized search, the threat of retaliation made by CCII Crammer was fulfilled when Correctional Officer D. Garrison went into Plaintiff's cell and destroyed Plaintiff's television by breaking it open, broke the knobs off Plaintiff's typewriter and left the knobs on Plaintiff's cell floor, and put the typewriter in the garbage can, without due process of law. Officer Garrison also stole several legal envelopes of confidential legal papers, which contained exhibits, pleadings, writs, appeals, property receipts, the grand jury complaint, and other papers. Plaintiff alleges that Officer Garrison subjected him to retaliation in violation of his First Amendment rights due to Plaintiff's filing of the grand jury complaint and the petition for writ of habeas corpus.

Eventually, the petition for writ of habeas corpus was denied. Plaintiff states that the decision denying the petition failed to even mention Plaintiff's allegations about being threatened for filing the grand jury complaint or Plaintiff's request to have the District Attorney start an investigation into the correctional officers.

As relief, Plaintiff seeks a declaratory judgment, compensatory damages, and punitive damages.

**III.  Discussion**

**A. Conspiracy**

A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of a constitutional right, Hart v. Parks, 450 F.3d 1059, 1070 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).

"Conspiracy is not itself a constitutional tort under § 1983," and it "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey v. Maricopa Cty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541). Plaintiff must allege that the defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff alleges that Defendant Kern County Grand Jury Foreman Richard Frank formed an alliance with unnamed CDCR officials from the Internal Affairs division and conspired not to indict the officers that were involved in Plaintiff's grand jury complaint. However, grand jury members are immune from suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 423 n.20 (1976) (grand jury members have quasi-judicial immunity); DeCamp v. Douglas County Franklin Grand Jury, 978 F.2d 1047, 1050-51 (8th Cir. 1992) (grand jurors possess absolute quasi-judicial immunity); Martone v. McKeithen, 413 F.2d 1373, 1376 (5th Cir. 1969) (grand jurors are immune like judges and prosecutors). Since Defendant Frank is named in this lawsuit for actions taken in his capacity as the foreman of the 2015-2016 session of the Kern County Grand Jury, Defendant Frank is immune from suit under § 1983. Therefore, since Plaintiff cannot allege a cognizable claim for conspiracy under section 1983 against Defendant Frank, Plaintiff's claim against Defendant Frank must be dismissed.

### B. Monell Claim

There is no respondeat superior liability under § 1983, and a municipality or county cannot be held liable solely because it employs a tortfeasor. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). Local governments, such as Kern County, are subject to liability under 42 U.S.C. § 1983 only where an official policy or custom causes a deprivation of constitutional rights. Id. at 690-91. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must demonstrate: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." See

Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted).

However, Plaintiff's Monell claim fails because his claim is based on the actions of Defendant Frank and Defendant Garrison, not county employees. Section 1983 "imposes liability on a government that, under color of some official policy, causes an *employee* to violate another's constitutional rights." Monell, 436 U.S. at 691-92 (emphasis added) (internal quotation marks omitted). Therefore, to state a Monell claim against Defendant Kern County, Plaintiff must allege that a Kern County employee violated his constitutional rights. When it comes to Defendant Frank, since the grand jury is "an arm of the Superior Court of California, the grand jury is an arm of the state[]" of California, not Kern County. Smith v. County of Stanislaus, No. CV 11-1655-LJO-SKO, 2012 WL 1205522, at *5 (E.D. Cal. Apr. 11, 2012). Thus, Defendant Frank is not an employee of Kern County. Further, while Plaintiff alleges that Defendant Garrison retaliated against him, Defendant Garrison is a correctional officer who is an employee of the State of California, not Kern County. See Mixon v. CSP-L.A. County, No. CV 12-10187-DOC (SP), 2012 WL 6619013, at *2 (C.D. Cal. Dec. 19, 2012) ("CSP-LA is a California State Prison, and the correctional officers who work there are all employees of the State of California."). Therefore, Plaintiff has failed to allege a cognizable Monell claim against Defendant Kern County. Plaintiff is granted leave to amend this claim to the extent that he can do so in good faith.

**C. Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." Watison, 668 F.3d at 1114 (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. Id. The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. Rhodes, 408 F.3d at 567–68. A plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." Watison, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." Id.

While Plaintiff has alleged that Defendant Garrison broke, threw away, or stole pieces of Plaintiff's property during an authorized cell search due to the fact that Plaintiff had filed a grand jury complaint against other correctional officers and had filed a state petition for writ of habeas corpus, this allegation is conclusory, appears to be purely speculative, and is not supported by any facts alleged in his complaint. Plaintiff has failed to allege any facts demonstrating that Defendant Garrison knew about Plaintiff's grand jury complaint and/or state petition for writ of habeas corpus or that Defendant Garrison broke, threw away, or stole pieces of Plaintiff's property because Plaintiff had filed a grand jury complaint and/or a state petition for writ of habeas corpus. Therefore, Plaintiff has failed to allege a cognizable claim for retaliation against Defendant Garrison. Plaintiff is granted leave to amend this claim to the extent that he can do so in good faith.

**D. Deprivation of Property**

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532 n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

7

postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533.

Plaintiff contends that Defendant Garrison destroyed Plaintiff's television, broke the knobs off Plaintiff's typewriter, put Plaintiff's typewriter in the patio garbage can, and seized several envelopes of confidential legal papers, without due process of law. Since Defendant Garrison's conduct is an unauthorized deprivation of property, due process is satisfied if there is a meaningful post-deprivation remedy available to him. Id. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of his property.

### E. Declaratory Relief

Plaintiff's complaint seeks a declaratory judgment. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding *pro se*, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and
3. **If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **May 20, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE